Sheila **HIMANJE**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–6080–ag.

United States Court of Appeals, Second Circuit.

June 5, 2006.

**106**

Samuel Iroegbu, Albany, NY, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Michael J. Butler, Assistant United States Attorney, Harrisburg, PA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Sheila Himanje, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Michael Rocco's denial of her application for asylum, withholding of removal, and relief pursuant to Article 3 of the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ In *Diallo v. INS*, 232 F.3d 279, 286 (2d Cir.2000), we explained that credible testimony may be enough to meet an alien's burden of proof. However, before a claim can be denied for failure to corroborate otherwise credible testimony, an IJ must first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant. *See id.* at 289–90; *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo* for the proposition that, "to turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner"). In this case, the IJ did neither. He did not state why it was reasonable to expect additional corroboration for Himanje's testimony, nor did he explain why Himanje's explanations for the lack of contemporaneous documentary corroboration were insufficient. Accordingly, the case is remanded for the IJ to provide the specific reasons required by *Diallo* for demanding more corroboration from Himanje.

■ The IJ also found that, "[e]ven if the respondent's testimony alone is considered as sufficient," she "has not met her burden of establishing either the existence of a particular social group within the meaning of the [Immigration and Nationality Act] or that any harm she fears is on account of her asserted group membership." In *Hong Ying Gao v. Gonzales*, 440 F.3d 62 (2d Cir.2006), we held that asylum can be granted on the basis of a well-founded fear of forced marriage where the alien establishes "a nexus between the persecution she fears and the 'particular social group' to which she belongs." *Id.* at 71. We stated that Gao's social group consisted of women who had been sold into marriage and who lived in a region where

forced marriages are considered valid and enforceable; and explained that "lifelong, involuntary marriage" on account of membership in that group constitutes persecution. *Id.* at 70. Here, Himanje claims that she belongs to a specific group of woman from the Tonga tribe of Zambia who have been sold into marriage. On remand, the BIA is instructed to consider whether Himanje is entitled to relief from removal based on her membership in a particular social group. *See Gonzales v. Thomas*, —— U.S. ——, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam); *Ucelo–Gomez v. Gonzales*, 448 F.3d 180 (2d Cir. 2006) (per curiam).

■ Himanje also argued that she is entitled to relief from removal based on her HIV positive status. As an initial matter, we note that Himanje did not learn of her HIV status until after she left Zambia and, therefore, she could not have suffered past persecution, based on a protected ground, as a result of this diagnosis. With respect to her fear of future persecution, the IJ properly determined that the possibility of harassment and discrimination complained of by Himanje does not support a claim for relief under the INA. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (general harassment not rising to the level of sufficiently extreme action, such as violence and physical abuse, does not constitute persecution). While Himanje may subjectively believe that she will not receive adequate treatment for her medical condition in Zambia, substantial evidence supports the IJ's interpretation of the objective evidence—submitted by Himanje's counsel—that the government of Zambia is actively pursuing various means aimed at providing a sustained response to the present epidemic.

Because the agency's summary denial of Himanje's claims for withholding of removal and CAT relief rested on the same grounds that are insufficient to support its

rejection of her asylum claim, we remand those claims for reconsideration by an IJ or the BIA.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).